In the Matter of ELLSWORTH BAKER, an Attorney, Respondent.

First Department, January 10, 1930.

*Einar Chrystie*, for the petitioner.

*Frank W. Holmes*, for the respondent.

DOWLING, P. J. The respondent was admitted to practice in the Supreme Court, Appellate Division, Third Department, in March, 1905.

An automobile accident occurred on August 10, 1924, at Wawarsing, Ulster county, N. Y., wherein Elizabeth A. Carr and Annie Goldthorpe sustained personal injuries. Upon the recommendation of a farmer named Irwin, respondent was retained, and following conference between the respective husbands of Mrs. Carr and Mrs. Goldthorpe, actions were commenced against one Katz, the driver of the car involved in the accident. Katz appeared and answered. The actions were not brought to trial, but were settled with the insurance company. When respondent was retained nothing was said about his fees, but during the progress of the settlements it was agreed that he was to receive twenty-five per cent of the amount received from the insurance company. General releases were executed by the respective parties and delivered to the insurance company and respondent received, in settlement of the claim of the Carrs, a check for $750 on or about June 12, 1926, and in settlement of the claim of the Goldthorpes, a check for $3,000, on or about May 28, 1926.

On December 2, 1926, Louis C. Carr and John Goldthorpe, the husbands of Elizabeth E. Carr and Annie Goldthorpe, complained to the committee on grievances of the Association of the Bar to the effect that the respondent had failed to pay over to them any part of the money collected in their behalf, and on December 7, 1926, verified affidavits and delivered statements to the committee in support of their complaints.

It appears that in October, 1926, the respondent sent the Carrs a check for $600, drawn on his account in a bank at Spruce Pine, N. C., which check was not paid but returned for insufficient funds. He did pay this money in the latter part of December, 1926, and he states that when he paid the Carrs in the month of December he had never heard nor did he know in any way that any complaint had been made or any grievance submitted to the Bar Association. After payment to the Carrs he paid the Goldthorpes their share in

installments, the last of which was paid in August or September, 1927.

Respondent was notified of the charges against him about July 1, 1927. He did not appear before the grievance committee. His explanation was that he wanted some additional time in which to obtain affidavits from the south. A short adjournment was, however, granted, and a further adjournment refused because of the approach of the summer recess.

The petition of the Bar Association sets forth two charges of conversion against respondent, one in the Carr case for $600 and the other in the Goldthorpe case for $2,250. When the petition was presented to this court in December, 1927, respondent filed an affidavit in which he swore that the money was not appropriated by him, but was loaned, and he had authority to indorse the checks. Supporting his affidavit he submitted affidavits of Elizabeth E. Carr and Annie Goldthorpe corroborating respondent as to the authority given by them to indorse the checks and as to their agreement to loan the proceeds of the settlements to respondent for a short time.

The matter was referred to one of the official referees. He has reported that he is unable to find that there was any conversion on the part of the respondent, but that the use of the money was in the nature of a loan by the Carrs and the Goldthorpes to the respondent; that the charge consisting of an unauthorized indorsement of the check by the respondent and the unauthorized use of the money of his clients for his own individual purpose has not been sustained.

Upon the hearing before the referee, respondent testified in explanation of his request for the use of this money: " I told Mrs. Goldthorpe and Mrs. Carr that I was interested in a mining proposition in North Carolina, and I purchased some machinery for the purpose of moving some ore, and the machinery had been shipped on arrival draft — sight draft, and I may have said ' sight draft ' I don't remember. And I asked them if there would be any objection to my using the money which they would receive in settlement of the cases for a short time, and they said there wouldn't be any objection. I told them that they better speak to their husbands, also, and if there was any objection to it, give me a ring and let me know, otherwise I would consider it would be satisfactory. They said they would do that. I told them the drafts might come in their name, and I asked them if it would be satisfactory for me to indorse the drafts instead of calling them together, but they said that that would be satisfactory. I told them to speak to their husbands about that also."

On cross-examination by counsel for respondent both Mr. Carr

and Mr. Goldthorpe testified that their wives had informed them that they had given the respondent permission to indorse the checks received by the respondent in settlement of their actions, and that they had also given permission to him to use the money thus realized for a short time, and had told their wives that it would be all right, and that the respondent might have the use of these moneys for a short time. Mrs. Carr and Mrs. Goldthorpe, called by respondent, both testified that they said it would be all right for respondent to use the money for a short time.

Unless the testimony of the Carrs and the Goldthorpes is to be stamped as absolutely untrue, the charges cannot be sustained.

The report of the referee should, therefore, be confirmed and the charges dismissed.

MERRELL, FINCH, McAVOY and PROSKAUER, JJ., concur.

Proceedings dismissed.